UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Susan Hoy,

    Plaintiff

 v.

Andrea Hernandez, et al.,

    Defendants

Case No. 2:20-cv-00103-CDS-MDC

**Order Rejecting Proposed Joint Pretrial Order**

[ECF No. 168]

  The parties submitted a proposed joint pretrial order on February 2, 2023. ECF No. 168. Because the parties' proposed joint pretrial order does not comply with Local Rules 16-3 and 16-4, I hereby reject it.

  The pretrial order violates Local Rules 16-3 and 16-4 for a number of reasons. Regarding the schedules of exhibits, the parties represent that because of "the recent settlement of Plaintiff's claims against Lisa Brochu and Clark County" they anticipate "significantly" "pair[ing] down" the proposed list of joint exhibits. ECF No. 168 at 4 n.2. The purpose of the joint pretrial order is to streamline trial preparation and the presentation of evidence. Local Rule 16-3(b)(8) requires parties to list "the exhibits that will be offered in evidence by the parties at the trial." The extensive list provided does not comply satisfy this rule, especially since the parties concede it will be significantly pared down. The proposed order also states that the parties "reserve the right to object to the admission of the exhibits [ ]." ECF No. 168 at 4 n.1. There is no such right. All objections to exhibits must be included in the proposed order. Furthermore, the parties include a blanket list of the following objections to each other's exhibits: "relevance, hearsay, speculation, foundation, and authenticity and prejudicial effect" (*id.* at 25) violates Local Rule 16-3(b)(8)(B). Objections must relate to each exhibit, and not merely be generic objections to all exhibits.

Regarding the list of witnesses, both sides also seem to identify every person who has been identified in discovery, without any consider as to whether those witnesses are truly needed at trial. ECF No. 168 at 27–72. Listing every person identified in discovery is not conducive, as it would be impossible to call 250 witnesses (the plaintiff's proposed number of witnesses alone) in a five-to-seven-day trial as the parties have requested. *See* ECF No. 168 at 73.

Again, the joint pretrial order is designed to streamline trial preparation and presentation, and to foster settlement. The parties cannot simply list every document and person in a joint pretrial order and wait until the eve of trial to make trial decisions. A more fulsome effort is required by all parties. Therefore, the parties must confer and pare down their exhibit and witness lists, especially in light of the settlement between plaintiff and defendants Brochu and Clark County.

## Conclusion

IT IS THEREFORE ORDERED that the parties' proposed joint pretrial order **[ECF No. 168]** is **REJECTED**. The parties must confer and submit a second proposed joint pretrial order that complies with Local Rules 16-3 and 16-4 by March 12, 2024.

Dated: February 27, 2024

_____
Cristina D. Silva
United States District Judge