UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Susan Hoy, et al., <br><br> Plaintiffs <br><br> v. <br><br> Andera Hernandez, et al., <br><br> Defendants | Case No. 2:20-cv-00103-CDS-MDC <br><br> **Order Granting Plaintiffs' Motion for Remand and Denying Motion to Seal** <br><br> [ECF Nos. 170, 171, 177] |

  This is a civil-rights action brought in the Eighth Judicial District Court by plaintiff Susan Hoy, guardian ad litem for J.M. and I.M., two minor children who suffered severe injuries while in the care of their former foster parents, defendants Andrea and Waldo Hernandez. Hoy brought this action against Clark County and various employees of the county's Division of Family Services (DFS) for their alleged failure to stop the Hernandezes abuse of J.M. and I.M. Compl., ECF No. 1-2. The Hernandezes are the only remaining defendants. Accordingly, Hoy now moves to remand this action back to state court because there are no federal claims against the Hernandezes. ECF No. 170. The Hernandezes oppose remand. ECF No. 173. Hoy asks this court to seal the Hernandezes' opposition. ECF No. 177. For the reasons set forth herein, I deny Hoy's motion to seal, decline to exercise supplemental jurisdiction over the plaintiffs' surviving state-law claims, and remand this matter to the Eighth Judicial District Court.

**I. Background**

  With over 180 docket entries and having litigated this matter for over 4 years, the parties are familiar with the facts and background of this case so I only include background information relevant to resolving this matter.

  Hoy's complaint asserts four claims: (1) civil rights violations brought under 42 U.S.C. § 1983 against Brochu, Kallas, Lisa Ruiz-Lee, Paula Hammack, and Clark County; 1 (2) inadequate

training brought under 42 U.S.C. § 1983 against Ruiz-Lee, Hammack, and Clark County; (3) negligence against Brochu, Kallas, and Clark County; and (4) negligence against the Hernandezes. Compl., ECF No. 1-2 at ¶¶ 52–82.

The negligence claims against Brochu, the federal 42 U.S.C. § 1983 claims and inadequate training claims against Clark County, and all claims against Kallas, Ruiz-Lee, and Hammack are dismissed. ECF No. 145. Further, the § 1983 claims against Brochu and the negligence claim against Clark County are dismissed. ECF Nos. 181; 182. Defendants Anita Moody, Lisa Ruiz-Lee, Paula Hammack, and Kim Kallas were all dismissed with prejudice. ECF No. 31 (Moody); Order, ECF No. 145 (Ruiz-Lee, Hammack, Kallas). The Hernandezes are the only remaining defendants and the only remaining claim against them is state-law negligence claim.

## II.     Motion to seal

Hoy seeks to seal the Hernandezes' response to the motion to remand because it contains offers of judgment. ECF No. 177. Hoy argues that the filing of unaccepted offers of judgment is "wholly improper." *Id.* at 3. The Hernandezes argue that they may cite an offer of judgment in a pleading, especially when arguing the value of a plaintiff's claims and whether said claim satisfies the jurisdictional requirements. ECF No. 178 at 4.

Historically, courts have recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 n.7 (1978). The party seeking to seal a document attached to a non-dispositive motion must meet the lower "good cause" standard pursuant to Rule 26(c). *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003) (discussing *Phillips v. General Motors Corp.*, 307 F.3d 1206 (9th Cir. 2002).

As a matter of law, Rule 68(a) does not permit a plaintiff to make an offer of judgment on a defendant. It provides that "a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms." Fed. R. Civ. P. 68(a). Further, Rule 68(b) provides that evidence of an unaccepted offer of judgment is not admissible except in a

proceeding to determine costs. Fed. R. Civ. Proc. 68(b). Since this is not a proceeding to determine costs, the unaccepted offer of judgment is inadmissible, and the court has not considered it. Nonetheless, an offer of judgment is not privileged information that is sealable, and Hoy does not establish good cause to seal this information. As a result, Hoy's motion to seal is denied.

### III.   Motion to remand

"Federal courts are courts of limited jurisdiction, possessing 'only that power authorized by Constitution and statute.'" *See* U.S. Const. art. III, § 2, cl. 1; *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Subject to certain requirements and limitations, a defendant generally may remove a case from state court to a federal court with subject matter jurisdiction over the action. 28 U.S.C. § 1441(a)–(c). Subject matter jurisdiction exists where either: (1) a federal question arises on the face of the complaint or (2) if there is diversity jurisdiction. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Diversity jurisdiction requires: (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy to exceed $75,000. *See* 28 U.S.C. § 1332(a).

Once an action is removed to federal court, a plaintiff may challenge removal by filing a motion to remand. 28 U.S.C. § 1447(c). Remand is appropriate if, at any time before final judgment, it appears that the court lacks subject matter jurisdiction over the action. *Id.* In order to protect the jurisdiction of state courts, the removal statute should be construed narrowly, against removal jurisdiction and in favor of remand. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941).

Here, Hoy argues that this action should return to state court because there is no diversity of citizenship and because the federal claims were dismissed on summary judgment. ECF No. 170 at 4. The Hernandezes contend that diversity jurisdiction exists because they reside in El Salvador. ECF No. 173 at 3.

As a threshold matter, the core principle of federal removal jurisdiction on the basis of diversity is determined—and must exist—as of the time the complaint is filed and removal is effected. *See Morongo Band of Mission Indians v. California State Bd. Of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988) (diversity is determined by citizenship of parties as of filing of the original complaint); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998) (diversity must exist when action is removed). Here, diversity among all the parties did not exist at the time the complaint was filed or when removal was effected. *See* ECF No. 1-2 at 3–5. That means diversity jurisdiction cannot be exercised and the only basis for jurisdiction here is federal question. Thus, the Hernandezes' argument that this court should decline to remand based on diversity jurisdiction fails.

As courts of limited jurisdiction, federal courts may only exercise supplemental jurisdiction over state-law claims that "are so related to claims in the action" that they form the same case or controversy with the claims over which the court has jurisdiction. 28 U.S.C. § 1367(a). Once a plaintiff's federal claims are gone, the court may decline to exercise supplemental jurisdiction over remaining state-law claims. *Id.* at § 1367(c)(3). The exercise of supplemental jurisdiction is entirely within the court's discretion. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 716 (1966). Here, because the only remaining claim against the Hernandezes is a state-law negligence claim, I decline to exercise supplemental jurisdiction over. *See City of Colton v. Am. Promotional Events, Inc.-W.*, 614 F.3d 998, 1008 (9th Cir. 2010) (holding that district court acted within its discretion in declining to exercise supplemental jurisdiction after granting summary judgment on all federal claims)); *see also Cadeaux v. Las Vegas Metro. Police Dep't*, 646 F. Supp. 3d 1312, 1328 (D. Nev. 2022) (declining to exercise supplemental jurisdiction over remaining state-law claim for negligence).

## IV. Conclusion

IT IS THEREFORE ORDERED that plaintiffs' motion to seal [ECF No. 177] is DENIED.

IT IS FURTHER ORDERED that plaintiffs' motion to remand [ECF No. 170] is GRANTED.

IT IS FURTHER ORDERED that the proposed joint pretrial order [ECF No. 171] is DENIED as moot.

The Clerk of Court is kindly directed to remand this action to the Eighth Judicial District Court, Department 28, Case No. A-19-806825-C.

Dated: April 15, 2024

_____
Cristina D. Silva
United States District Judge